NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4401
_____

MARKIM SUMMERS,

Appellant

v.

COMMISSIONER CHARLES RAMSEY;
OFFICER DANIEL LEVITT, Badge #5482;
CITY OF PHILADELPHIA; PHILADELPHIA POLICE DEPARTMENT;
OFFICER THOMAS O'BRIEN, Badge #7629;
DANIEL WILLIAMS, Badge #6292
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-13-cv-06644)
District Judge: Honorable Joel H. Slomsky
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 10, 2017

Before: HARDIMAN, SHWARTZ, and ROTH, *Circuit Judges*.

(Filed: November 29, 2017)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Markim Summers shattered the windshield of Philadelphia Police Officer Thomas O'Brien's patrol car with two strikes of his bare hand. As Summers wound up for a third blow, Officer O'Brien shot him twice. Summers sued Officer O'Brien under 42 U.S.C. § 1983, alleging that he violated the Fourth Amendment's prohibition against the use of excessive force. The District Court granted summary judgment to Officer O'Brien, and Summers appealed. We will affirm.

# I[1]

## A

We analyze whether Officer O'Brien used excessive force under an "objective reasonableness standard." *Johnson v. City of Philadelphia*, 837 F.3d 343, 349 (3d Cir. 2016) (citation omitted). We consider both "the totality of circumstances leading up to the shooting" as well as the circumstances at the "precise moment of the shooting." *Id.* at 350 (citation omitted).

Around 5:00 a.m. on June 29, 2013, Officer O'Brien responded to a request for backup from Officer Daniel Levitt, who had observed Summers naked in a drug store

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. Plenary review applies to the District Court's summary judgment. *Johnson v. City of Philadelphia*, 837 F.3d 343, 349 n.30 (3d Cir. 2016).

parking lot screaming and throwing newspaper stands. Based on this observation, Officer Levitt thought Summers was high on phencyclidine (PCP). By the time Officer O'Brien arrived, Summers had left the parking lot to lie down in the street, where he obstructed the passage of a public bus before getting up and walking again.

As Summers meandered through the street, Officer O'Brien and, separately, Officer Daniel Williams arrived. Officers O'Brien, Williams, and Levitt each maneuvered their respective patrol cars to contain Summers. Summers attempted to reach into Officer Levitt's car, but the officer rolled up his window and put the car in reverse. Summers then suddenly turned and approached Officer O'Brien's patrol car and struck the front windshield with his bare hand, damaging the glass. He struck again, this time shattering the windshield and showering Officer O'Brien with glass dust. As Summers readied to strike again, Officer O'Brien, who had seen the effects of PCP on other occasions, moved his hand from the gear shift and shot Summers twice.[2] Seemingly unaffected by the gunshots, Summers walked away from the patrol car before he collapsed and was taken to a hospital.

---

[2] On appeal, Summers, who doesn't remember the incident, argues that Officer Williams's testimony created a disputed material fact as to whether Summers was "getting off of Officer O'Brien's car" at that time. Summers Br. 18. We disagree with Summers's characterization of the testimony and perceive no dispute as to that fact. Officer Williams recalled two nearly simultaneous windshield punches "[a]nd immediately after that [he] heard two gunshots." App. 283–84. At the time he was shot, Summers was "still draped over [the] windshield." App. 290.

3

B

Based on the facts just described, the District Court held that "no jury could find that a reasonable officer in O'Brien's position lacked good reason to believe that Plaintiff posed a significant threat of death or serious bodily injury." *Summers v. Comm'r Charles Ramsey*, 2016 WL 7188616, at \*14 (E.D. Pa. Dec. 12, 2016) (citation and alterations omitted). The District Court was persuaded that Summers's previous actions "coupled with his blows to the patrol car would lead a reasonable police officer to believe [he was] in fear or of death or serious bodily injury." *Id.* We agree.

Like the District Court, we think our recent decision in *Johnson v. City of Philadelphia*, 837 F.3d 343 (3d Cir. 2016), is instructive. In that case, an officer shot a naked man high on PCP who attacked the officer after the officer tased him. *Id.* at 346–48. In affirming summary judgment for the officer in a § 1983 excessive force lawsuit, we explained that the Fourth Amendment does not require "officers encountering emotionally or mentally disturbed individuals . . . to passively endure a life-threatening physical assault, regardless of the assailant's mental state." *Id.* at 353. Here, it was not unreasonable for Officer O'Brien, whose car windshield was shattered by Summers's bare hands, to fear for his life. And based on that fear it was objectively reasonable for

4

Officer O'Brien to use deadly force to stop the ongoing attack. Therefore, we will affirm the order of the District Court.[3]

---

[3] Judge Roth, who dissented in *Johnson*, agrees that here there was no excessive use of force.